1664. ATLANTA, BIRMINGHAM & ATLANTIC RAILROAD COMPANY *v.* EMANUEL & COMPANY.

No error of law appears, and under the agreed statement of the facts the finding of the court for the plaintiffs was demanded.

Action for damages, from city court of Brunswick—Judge Krauss. December 21, 1908.

Argued February 26,—Decided June 15, 1909.

*Crovatt & Whitfield, Rosser & Brandon,* for plaintiff in error.

*Twilty & Reese,* contra.

HILL, C. J. Emanuel & Company brought suit against the Atlanta, Birmingham and Atlantic Railroad Company and the Atlantic Coast Line Railroad Company to recover the value of one car-load of cross-ties. By an amendment the Atlantic Coast Line Railroad Company was stricken as a defendant, and the case left pending against the Atlanta, Birmingham and Atlantic Railroad Company. The defendant filed a demurrer, which was overruled; and the case proceeded to trial before the judge, without the intervention of a jury, on an agreed statement of facts. The court rendered a judgment in favor of the plaintiffs; and the defendant excepted to both rulings. It is not necessary to consider the exception to the judgment overruling the demurrer; for if the agreed statement of facts did not authorize a recovery against the defendant, the assignment of error to the final judgment will have to be sustained and that judgment set aside. From the agreed statement of the facts the following appears: The defendant received the car of ties referred to in the plaintiff's declaration, at Thalman, Georgia, on or about April 16, 1907, for transportation and delivery to the plaintiffs at Brunswick, Georgia, and transported the car to Brunswick, Ga., and on April 23, 1907, delivered it to the Atlantic Coast Line Railroad Co., with instructions to deliver it to the plaintiffs at their docks in Brunswick. The shipment originated

at Bladen in Glynn county, which is a competitive point as to Brunswick, since shipments originating there can be transported and delivered to Brunswick either over the Atlantic Coast Line or over the Seaboard Air-Line to Thalman, and then from Thalman to Brunswick over the line of the defendant. The plaintiffs have side-track connections on their docks in Brunswick with the Atlantic Coast Line, and none with the line of defendant; and under instructions of the plaintiffs to defendant, unless otherwise ordered, shipments 'of cross-ties in car-load lots, consigned to plaintiffs and transported by the defendant, are delivered to the plaintiffs on such side-tracks, and such delivery is made under the following arrangement: The car is delivered by the defendant to the Atlantic Coast Line, with instructions to be side-switched or transferred from the tracks of the defendant to the docks of the plaintiffs. The freight on the car is collected from plaintiffs by the defendant. Whether the shipment originates at a competitive or non-competitive point, there is a charge made by the Atlantic Coast Line for the switching service, and this is charged against and paid by the defendant to the Atlantic Coast Line Railroad Company. The car in question was handled in this manner, but was never delivered to the plaintiffs. They paid the defendant the freight due on said car, $14.10; and this was the full amount due thereon by the plaintiffs for delivery on the side-tracks on the docks of the plaintiffs. The car was loaded with 259 cross-ties of the value of 58 cents each. Certain rules of the Railroad Commission are attached to this agreed statement as a part thereof; but this court does not consider them material to the decision of the questions. If so, they would be judicially recognized.

The suit is one arising on contract, and not in tort as contended by the defendant in error. If in tort, the judgment would have to be reversed, as this remedy is against the actual wrong-doer; and according to the agreed facts, the car-load of cross-ties was lost by the Atlantic Coast Line Railroad Company after having been delivered to it by the defendant. The present action is for a breach of the contract made by the defendant with the plaintiffs to transport the car-load of cross-ties from the point of shipment and "deliver it to the plaintiffs at their docks in the city of Brunswick." Treating the action as one ex contractu, the defendant sets up two defenses: First, it contends that under the facts the

Atlantic Coast Line Railroad Company was the agent of the plaintiffs, acting under direct authority to receive and handle the shipment at Brunswick; and that when the delivery was made by the defendant to the Coast Line at Brunswick, the contract was fully performed, and it was released from any further responsibility. Second, if the Coast Line was not the agent of the plaintiffs, it was a common carrier required by law to receive the car-load of cross-ties from the defendant as a connecting carrier and to carry it to the plaintiff's docks, receiving therefor the compensation fixed by law, and in no view was the Coast Line the agent of the defendant.

Either defense would be sufficient in law, if authorized by the facts. We think neither conclusion is supported by the evidence. The contract made by the defendant with the plaintiffs was to transport the car of ties to Brunswick, and there deliver it to the Atlantic Coast Line Railroad, with instructions that it be switched or transferred to the docks of the plaintiffs; and it is agreed that the car was transported by the defendant to Brunswick and there delivered by it to the Atlantic Coast Line Railroad, "with instructions to deliver it to the plaintiffs at their docks in the city of Brunswick." The instructions to deliver were given by the defendant to the Atlantic Coast Line Railroad Company; for it had undertaken not only to transport the ties to Brunswick, but to deliver them to the plaintiffs at their docks. The freight from point of shipment to point of delivery was paid to the defendant by the plaintiffs, and the defendant paid the Atlantic Coast Line Railroad Company its charges for hauling the freight from its tracks to the docks of the plaintiffs. The plaintiffs had no contractual relations whatever with the Atlantic Coast Line. Their contract was solely with the defendant, and the latter employed the Atlantic Coast Line in order to complete its contract with plaintiffs to deliver "on their docks." The contract to deliver the ties to the plaintiffs "on their docks" was as plainly the duty of the defendant as the contract to transport from the receiving point to Brunswick. That the foregoing conclusion is correct is further emphasized by the fact that the shipment was made from a competitive point. It might have been transported by the Atlantic Coast Line and delivered to the plaintiffs on their docks at Brunswick without any transfer or switching service at Brunswick. In order to success-

fully compete with the Atlantic Coast Line the defendant would necessarily have been compelled to transport and deliver to the plaintiffs without imposing upon them the burden of transferring the car from its tracks to their side-tracks on their docks. This is the reason why the defendant charged and collected the full amount of the freight from the point of shipment to the place of delivery on the side-tracks on the plaintiffs' docks. The Atlantic Coast Line, under the facts, was not the agent of the plaintiffs, nor was it a connecting carrier. It was simply performing a switching or transfer service for the defendant, acting under instructions given to it by the defendant, and paid for such service by the defendant. *W. & A. R. Co.* v. *Exposition Mills,* 81 *Ga.* 522 (7 S. E. 916, 2 L. R. A. 102) ; *Dixon* v. *Central of Ga. Ry. Co.,* 110 *Ga.* 173 (35 S. E. 369).

The evidence demanded the finding of the court.

*Judgment affirmed.*